IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIAN UNGAR-SARGON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| LYFT, INC., a Foreign Corporation, d/b/a ) | |
| LYFT ILLINOIS, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff JULIAN UNGAR-SARGON, by and through his attorneys, LAW OFFICES OF JOESPH YOUNES, P.C., files this complaint against Defendant, LYFT, INC., a foreign corporation d/b/a LYFT ILLINOIS, INC., alleging as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction. The amount in controversy exceeds $75,000.00 and the parties are all residents of different states.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) as Defendant transacts business in the County of Cook, State of Illinois and the events and/or omissions complained of herein occurred within this judicial district.

### PARTIES

3. At all times material to this action, Plaintiff JULIAN UNGAR-SARGON ("Plaintiff") was and is, a resident of the County of Cook, State of Illinois.

4. At all times material to this action, Defendant LYFT, INC., d/b/a LYFT ILLINOIS, INC., ("Defendant LYFT, INC.") was and is a foreign corporation, engaged in providing rides

and ride share services, organized and existing under the laws of the State of Delaware, doing business in the State of Illinois.

5. That Defendant LYFT, INC., by and through its agent and/or employee is responsible for the events and happenings described herein, and proximately caused the injuries and damages thereby to Plaintiff.

## NATURE OF THE CASE

6. Plaintiff brings this action alleging assault, battery, negligence, negligent hiring, and etc., against Defendant LYFT, INC., arising from Defendant's negligent conduct. Plaintiff seeks relief in the form of damages, attorney's fees and costs incurred in filing this action, pecuniary damages, and punitive damages as a direct result of Defendant's wrongful conduct.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. At all times relevant to this cause of action, Defendant LYFT, INC., was and is in the business of providing rides and ride share services to individuals requesting on demand transportation through an application available on smartphone devices and/or computers.

8. Based upon information and belief, Defendant LYFT, INC., as part of its rides and ride-sharing services allows individuals to sign up to be a driver through the LYFT DRIVER application available on mobile devices and/or computers.

9. Based upon information and belief, Defendant LYFT, INC., as part of its rides and ride-sharing services allows individuals to sign up through its application available on mobile devices and/or computers to retain on demand transportation.

10. On September 9, 2022, ANTHONY L. WILLIAMS was a driver offering on demand transportation on behalf of Defendant LYFT, INC.

11. On September 9, 2022, at approximately 7:45 A.M., Plaintiff used LYFT, INC.'s mobile application to retain Defendant LYFT, INC.'s ride and/or ride sharing services, to transport him from his home located at 3100 W. Northshore, in Chicago, Illinois, to Fitness Defined, a fitness center located at 3938 Church St., Skokie, Illinois.

12. On September 9, 2022, at approximately 7:45 A.M., ANTHONY L. WILLIAMS, was the operator of a 2018 White Mitsubishi Outlander, when picking up and transporting Plaintiff to Fitness Defined, a fitness center located at 3938 Church St., Skokie, Illinois.

13. That ANTHONY L. WILLIAMS while en route to 3938 Church St., Skokie, Illinois was travelling in a westerly direction on Church Street.

14. That Plaintiff while en route to 3938 Church St., Skokie, Illinois opened his YouTube application on his mobile device and began watching news relating to the death of Queen Elizabeth.

15. That a verbal altercation ensued in which the following was exchanged:

> ANTHONY L. WILLIAMS shouted: "turn that shit off!"
> Plaintiff responded: My queen is dead.
> ANTHONY L. WILLIAMS shouted: "well she wasn't my queen, turn that shit off!"

16. That upon arriving to the parking lot at or near Fitness Defined located at 3938 Church St., Skokie, Illinois, ANTHONY L. WILLIAMS, gave Plaintiff the impression he had or was coming to a stop, causing Plaintiff to open the passenger door so as to exit the vehicle.

17. That instead of bringing his vehicle to a stop, ANTHONY L. WILLIAMS, deliberately accelerated his vehicle turning left out of the parking lot and onto Church Street.

18. As a result, Plaintiff was violently thrown out of ANTHONY L. WILLIAMS's vehicle onto the pavement in moving traffic, causing Plaintiff to sustain diverse temporary and severe injuries internally and externally, by reason of which Plaintiff expended and

incurred obligations for medical expenses and care and will in the future expend and incur such further obligations.

19. As a result, after the incident Plaintiff sought medical attention at St. Francis Emergency Department.

20. On September 9, 2022, Plaintiff filed a police report with the Skokie Police Department relating the incident.

21. That Defendant LYFT, INC., knew or should have known that its agent and/or employee was unfit or incompetent to transport passengers in a reasonably safe manner.

## COUNT I – NEGLIGENCE

1-21. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 21, inclusive, as though fully set forth herein.

22. That Defendant LYFT, INC., at all relevant times was in the business of providing ride and/or ride sharing services made available on its mobile application and to individuals requesting on demand transportation through an application available on smartphone devices and/or computers.

23. That at all times material to this action, ANTHONY L. WILLIAMS transported individuals, and especially Plaintiff JULIAN UNGAR-SARGON herein, within the scope of his agency and/or employment capacity with Defendant LYFT, INC.

24. That at all times material to this action, Defendant LYFT, INC., had control over ANTHONY L. WILLIAMS with regard to instructing which riders to pick up, where to pick up riders, where to drop them off, the cost of the ride, the route that must be taken, the quality and condition of his vehicle, is required to have various placards, signs, and other indicators that he is an agent and/or employed by Defendant LYFT, INC.

25. Based upon information and belief, that at all times material to this action, ANTHONY L. WILLIAMS was an owner, operator or otherwise within possession and control of the motor vehicle herein mentioned.

26. That at all times material, Defendant LYFT, INC., had a duty to act with reasonable care to protect individuals retaining its rides and ride share services through the above-mentioned application, and especially Plaintiff JULIAN UNGAR-SARGON from injuries by its agents and/or employees.

27. On September 9, 2022, Defendant LYFT, INC., by and through its agent and/or employee, ANTHONY L. WILLIAMS, breached its duties with respect to the following acts and omissions:

    a. Failed to retain sufficient and proper control over the operation of said vehicle;

    b. Failed to operate said motor vehicle in a reasonable and safe manner so as not to cause injury to Plaintiff;

    c. Operated said motor vehicle at a rate of speed greater than was reasonable for conditions in violation of the Statutes of Illinois, 625 ILCS 5/11-601(a);

    d. Negligently and carelessly failed to decrease the speed of his vehicle in order to permit Plaintiff to exit the vehicle, despite leading Plaintiff to believe he had or was coming to a stop;

    e. Negligently and carelessly caused Plaintiff to strike the pavement as a result of being propelled out of his vehicle into moving traffic;

    f. Negligently and carelessly operated said motor vehicle with brakes insufficient to stop and hold said motor vehicle;

    g. Was otherwise careless and negligent in the operation of his motor vehicle.

28. Consequently, since ANTHONY L. WILLIAMS was acting in the course of his employment as an agent and/or employee of Defendant LYFT, INC., is thereby liable under

the law of respondeat superior for any damages caused to Plaintiff JULIAN UNGAR-SARGON.

29. As a direct and proximate result of one or more of the aforesaid careless and negligent acts of Defendant LYFT, INC., by and through its agent and/or employee ANTHONY L. WILLIAMS, Plaintiff JULIAN UNGAR-SARGON sustained serious and severe personal injuries. Plaintiff also incurred medical expenses, pecuniary loss, as well as miscellaneous damages related to the accident.

**WHEREFORE**, Plaintiff JULIAN UNGAR-SARGON prays that judgment be entered in favor of Plaintiff and against Defendant LYFT, INC., in the amount ONE MILLION DOLLARS ($1,000,000), plus costs of this action.

## COUNT II – WILLFUL AND WANTON

1-29. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29 of Count I, inclusive, as though fully set forth herein.

30. That at all times material to this action, Defendant LYFT, INC., by and through its agent and/or employee ANTHONY L. WILLIAMS owed a duty to Plaintiff JULIAN UNGAR-SARGON to refrain from willful and wanton conduct that would endanger the safety of individuals obtaining rides and/or ride share services, including Plaintiff.

31. That on September 9, 2022, Defendant LYFT, INC., by and through its agent and/or employee ANTHONY L. WILLIAMS with conscious disregard or indifference to the safety of others breached its duty with respect to the following acts and omissions:

   a. Knowingly, intentionally, and with conscious and reckless disregard for the safety of Plaintiff and others, refused to stop his vehicle despite leading Plaintiff to believe he was bringing his vehicle to a stop;

b. Knowingly, intentionally, and with conscious and reckless disregard for the safety of Plaintiff and others, did accelerate his vehicle despite leading Plaintiff to believe he could exit the vehicle;

c. Knowingly, intentionally, and with conscious and reckless disregard for the safety of Plaintiff and others, did accelerate his vehicle despite having observed Plaintiff being violently propelled out of his vehicle into moving traffic;

d. Knowingly, intentionally, and with conscious and reckless disregard for the safety of Plaintiff and others, did create a hazardous and dangerous environment by intentionally accelerating his vehicle despite having observed Plaintiff being violently propelled out of his vehicle into moving traffic.

32. As a direct and proximate result of the willful and wanton conduct of Defendant LYFT, INC., by and through its agent and/or employee ANTHONY L. WILLIAMS, Plaintiff JULIAN UNGAR-SARGON sustained diverse temporary and severe injuries internally and externally, by reason of which Plaintiff expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligations.

**WHEREFORE**, Plaintiff JULIAN UNGAR-SARGON prays that judgment be entered in favor of Plaintiff and against Defendant LYFT, INC., in the amount ONE MILLION DOLLARS ($1,000,000), plus costs of this action.

### COUNT III – ASSAULT & BATTERY

1-32. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32 of Count II, inclusive, as though fully set forth herein.

33. That Defendant LYFT, INC., at all relevant times was in the business of providing ride and/or ride sharing services made available on its mobile application and to individuals requesting on demand transportation through an application available on smartphone devices and/or computer.

34. That at all times material to this action, Defendant LYFT, INC., had control over ANTHONY L. WILLIAMS with regard to instructing which riders to pick up, where to

pick up riders, where to drop them off, the cost of the ride, the route that must be taken, the quality and condition of his vehicle, is required to have various placards, signs, and other indicators that he is an agent and or employed by Defendant LYFT, INC.

35. That at all relevant times, ANTHONY L. WILLIAMS was a driver, acting within the scope of his employment with Defendant LYFT, INC., transporting Plaintiff to Fitness Defined, a fitness center located at 3938 Church St., Skokie, Illinois.

36. That Plaintiff at all relevant times was an individual requesting on demand transportation from Defendant LYFT, INC., through its mobile application, so as to be transported to Fitness Defined, a fitness center located at 3938 Church St., Skokie, Illinois.

37. That on September 9, 2022, ANTHONY L. WILLIAMS upon reaching the parking located at or near 3938 Church St., Skokie, Illinois, did refuse to stop the subject vehicle despite Defendant leading Plaintiff to believe he was allowing Plaintiff to exit the vehicle as he had opened the passenger door.

38. That ANTHONY L. WILLIAMS without provocation did intentionally accelerate his vehicle causing Plaintiff to be violently propelled out of said vehicle, striking the pavement, into moving traffic without valid cause.

39. As a result of being violently propelled out of ANTHONY L. WILLIAMS's vehicle Plaintiff was in fact placed in apprehension of great bodily harm and did make unauthorized physical contact with said pavement.

40. That ANTHONY L. WILLIAMS having accelerated his vehicle causing Plaintiff to be propelled onto Church Street into moving traffic was the proximate cause of Plaintiff's diverse temporary and severe injuries.

41. That Defendant LYFT, INC., was and is aware of the incident alleged and the injuries sustained for the events identified herein.

42. That Defendant LYFT, INC., by allowing ANTHONY L. WILLIAMS to remain as its agent and/or employee has thereby approved and ratified the conduct of ANTHONY L. WILLIAMS and is thereby liable for the conduct complained of herein.

**WHEREFORE**, Plaintiff JULIAN UNGAR-SARGON prays that judgment be entered in favor of Plaintiff and against Defendant LYFT, INC., in the amount ONE MILLION DOLLARS ($1,000,000), plus costs of this action.

**COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-42. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 42 of Count III, inclusive, as though fully set forth herein.

43. That at all times material, Defendant LYFT, INC., had a duty to act with reasonable care to protect individuals retaining its rides and ride share services through the aforesaid application, and especially Plaintiff JULIAN UNGAR-SARGON from injuries by its agents and/or employees.

44. That the conduct of Defendant LYFT, INC., by and through its agent ANTHONY WILLIAMS in refusing to stop the subject vehicle despite having led Plaintiff to believe he was allowing Plaintiff to exit the vehicle and intentionally accelerating his vehicle, propelling Plaintiff onto the concrete into moving traffic, was so extreme and outrageous in degree to go beyond all possible bounds of decency, and utterly intolerable in a civilized community.

45. That Defendant LYFT, INC., by and through its agent ANTHONY WILLIAMS knew or should have known that there was high probability that such outrageous conduct would

cause Plaintiff JULIAN UNGAR-SARGON to suffer humiliation, mental anguish, and emotion and physical distress, as was done with a wanton and reckless disregard of the consequences to Plaintiff.

46. That as a direct and proximate cause of Defendant's conduct Plaintiff suffered humiliation, mental anguish, and emotion and physical distress, as was done with a wanton and reckless disregard of the consequences to Plaintiff.

**WHEREFORE**, Plaintiff JULIAN UNGAR-SARGON prays that judgment be entered in favor of Plaintiff and against Defendant LYFT, INC., in the amount ONE MILLION DOLLARS ($1,000,000), plus costs of this action.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Plead in the Alternative)

1-46. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 of Count IV, inclusive, as though fully set forth herein.

47. The above-described conduct was outrageous, atrocious, so extreme in degree to go beyond all possible bounds of decency, and utterly intolerable in civilized community.

48. Plaintiff is informed and believes, and thereon alleges, that Defendant's conduct was negligent and caused Plaintiff JULIAN UNGAR-SARGON to suffer humiliation, mental anguish, and emotion and physical distress, as was done with a wanton and reckless disregard of the consequences to Plaintiff.

49. Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of the acts alleged above, Plaintiff JULIAN UNGAR-SARGON suffered humiliation, mental anguish, and severe emotion and physical distress, and has been injured in mind and body, including but not limited to hospitalization, post-traumatic stress disorder, depression, loss of sleep, and nightmares.

50. Plaintiff is informed and believes, and thereon alleges, that as a further direct and proximate result of the acts alleged above, Plaintiff JULIAN UNGAR-SARGON was required to, and did employ physicians to examine, treat and care, and incurred additional medical expenses in an amount which has not yet been ascertained.

**WHEREFORE**, Plaintiff JULIAN UNGAR-SARGON prays that judgment be entered in favor of Plaintiff and against Defendant LYFT, INC., in the amount ONE MILLION DOLLARS ($1,000,000), plus costs of this action.

### COUNT VI – NEGLIGENT HIRING

1-50. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 50 of Count V, inclusive, as though fully set forth herein.

51. That all times material to this action, Defendant LYFT, INC., specifically retained drivers to provide on demand transportation for its rides and/or ride sharing services to individuals using Defendant LYFT, INC.'s application.

52. That at all times material to this action, Defendant LYFT, INC., knew of should have known its agent and/or employee was unfit or incompetent to transport passengers in a reasonably safe manner.

53. That at all times material to this action, Defendant LYFT, INC., had a duty to act with reasonable care to protect individuals retaining its rides and ride share services through the aforesaid application, and especially Plaintiff JULIAN UNGAR-SARGON from injuries by its agents and/or employees.

54. Notwithstanding the aforesaid duties, Defendant LYFT, INC., breached its duty with respect to the following acts and omissions:

   a. Negligently hired, retained and supervised ANTHONY L. WILLIAMS;

    b. Negligently hired, retained and supervised, and/or ratified the actions of ANTHONY L. WILLIAMS;

    c. Negligently hired, retained and supervised ANTHONY L. WILLIAMS, knowing that he was improperly trained, with a propensity for violence and a careless driver;

    d. Negligently hired, retained and supervised ANTHONY L. WILLIAMS, to provide transportation for Plaintiff, after Defendant LYFT, INC., learned or should have learned, prior to the time of the incident complained of, that ANTHONY L. WILLIAMS was incompetent, reckless and a danger to others;

    e. Carelessly and negligently failed to train its personnel as a driver providing on demand transportation to individuals using Defendant LYFT, INC.'s application, as within industry standards for chauffeurs, further causing an increased risk of harm to Plaintiff;

    f. Carelessly and negligently failed to exercise reasonable care in hiring personnel to act as chauffeurs, further causing an increased risk of a harm to individuals retaining on demand transportation, including Plaintiff herein.

55. As a direct and proximate result of one or more of aforesaid careless and negligent acts of Defendant, LYFT, INC., by and through its agent and/or employee, JULIAN UNGAR-SARGON sustained diverse temporary and severe injuries internally and externally, by reason of which Plaintiff expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligations.

**WHEREFORE**, Plaintiff JULIAN UNGAR-SARGON prays that judgment be entered in favor of Plaintiff and against Defendant LYFT, INC., in the amount ONE MILLION DOLLARS ($1,000,000), plus costs of this action.

                                                  Respectfully submitted,

BY: _____
                Joseph Younes

LAW OFFICES OF JOSEPH YOUNES, PC
Attorneys for Plaintiff
166 W. Washington St. - Ste 416
Chicago, Illinois 60602-2353
(312) 802-1122